UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KING MOUNTAIN TOBACCO COMPANY, INC.,<br><br>Defendant. | NO: 1:14-CV-3162-RMP<br><br>ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is the United States' Motion for Summary Judgment, ECF No. 60, renewing its prior motion for summary judgment. Trial Attorney Kenneth Sealls represents the United States, and Justin Solimon represents King Mountain. The Court has reviewed the motions, the entire record in this case, considered the parties' arguments, and is fully informed.

## BACKGROUND

The Court incorporates by reference its prior orders, ECF No. 46 and 50, regarding the parties' associated motions in which the Court recounts the procedural and factual background of this case as well as the legal analysis and

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 1

findings and conclusions relevant to the current motion for summary judgment. The Court previously denied the United States' Motion for Summary Judgment, ECF No. 15, but granted leave to renew, which the United States has done with its current motion, ECF No. 60, incorporating its prior briefing submitted in conjunction with ECF No. 15.

The United States argues that King Mountain is a tobacco manufacturer subject to FETRA, 7 U.S.C. § 518d(b)(1). ECF No. 15 at 6. Further, the United States contends that King Mountain has failed to make its required payments for FETRA assessments which total over six million dollars. ECF No. 15 at 7. King Mountain raised a number of legal defenses, claims, and counter claims to the FETRA assessments, all of which this Court previously has denied. *See* ECF No. 46, 50. King Mountain also repeatedly requested an opportunity for discovery, which this Court also denied. *See* ECF No. 46.

In the Order Denying King Mountain's Motion for Summary Judgment, the Court remanded this case to the Commodity Credit Corporation ("CCC") of the United States Department of Agriculture "**only** for a hearing and determination regarding the accuracy of the FETRA assessments imposed against King Mountain, consistent with this Court's Order, ECF No. 46." ECF No. 50 at 17-18. A telephonic hearing with the CCC hearing officer was held on February 17, 2016. ECF No. 60-1, Soto Decl. ¶11. The United States now moves for summary judgment for the amount of FETRA assessments that were conceded by King

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 2

Mountain during the telephonic hearing with the CCC hearing officer. ECF No. 60-1, Soto Decl. ¶12.

## DISCUSSION

FETRA requires courts to uphold a final assessment determination of the Secretary if it is supported by "a preponderance of the information available to the Secretary." 7 U.S.C. § 518d(j)(3). The court determines whether the evidence in the administrative record supports the agency's decision. *See* Sierra Club v. U.S. Army Corps of Eng'rs, 772 F.2d 1043, 1051 (2d Cir. 1985); see also Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985).

The moving party is entitled to summary judgment when there are no disputed issues of material fact when all inferences are resolved in favor of the non-moving party. *Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1467, 1471 (9th Cir. 1994); FED. R. CIV. P. 56(c). At the summary judgment stage, the Court does not weigh the evidence presented, but instead assumes its validity and determines whether it supports a necessary element of the claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To prevail at the summary judgment stage, a party must establish that a fact cannot be genuinely disputed and that the adverse party cannot produce admissible evidence to the contrary. FED. R. CIV. P. 56(c). Once the moving party has met their burden, the non-moving party must demonstrate that there is probative evidence that would

allow a reasonable jury to find in their favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986).

In the United States' renewed motion for summary judgment, the United States submitted evidence establishing that King Mountain owes FETRA assessments in an amount exceeding six million dollars. ECF No. 60-1, Soto Decl. ¶8. The United States also submitted evidence that during the telephonic hearing with the CCC hearing officer on remand, Mr. Solimon, who was representing King Mountain, had no questions regarding either the documentation or explanation of the accounting and that "[t]he hearing officer determined that because Mr. Solimon [representing King Mountain] and the CCC agreed on the accuracy of the FETRA assessments imposed in or after February 2012, the matter before him was moot." ECF No. 60-1, Soto Decl. ¶12.

In response to the United States' renewed motion for summary judgment, King Mountain now argues that King Mountain could not adequately identify any errors in the assessment amounts because it has been deprived of the opportunity to conduct discovery. ECF No. 63 at 2-3. King Mountain argues that it has been deprived due process because of the denial by the CCC to conduct discovery and as a result appears to dispute that it owes any FETRA assessments. ECF No. 63 at 6. King Mountain does not support their contention with any evidence or legal authority, but rather appears to be resurrecting their previous arguments regarding due process and discovery that this Court previously rejected. ECF No. 64 at 5.

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 4

After reviewing the pleadings, the Court finds that the United States has submitted sufficient evidence to support its claims that King Mountain owed FETRA assessments in an amount of $6,425,683.23[1] at the time of the United States' Motion for Summary Judgment. King Mountain has not submitted any evidence to refute that amount, and apparently conceded the accuracy of that amount during the CCC telephonic hearing on February 17, 2016. *See* ECF No. 60-1, Soto Decl. ¶12.

In its prior orders, the Court fully analyzed the parties' arguments and legal authority and found that King Mountain failed to establish any exemption, legal defense, claim, or counter claim involving the FETRA assessments. *See* ECF No. 46, 50. In response to the current motion for summary judgment, King Mountain has not submitted any evidence or legal authority to raise a genuine issue of material fact as to whether the United States is entitled to the $6,425,683.23 in FETRA assessments that it claims. Therefore, the Court finds that summary judgment for the United States is appropriate in this matter.

---

[1] This was the amount that was noted at the time that Ms. Soto's declaration was submitted. The Court is aware that additional penalties or interest may have accrued in the lapsed time and that the final judgment amount may need to be adjusted accordingly.

ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT ~ 5

Accordingly**, IT IS HEREBY ORDERED**:

1. The United States' Motion for Summary Judgment, **ECF No. 60,** is **GRANTED**.

2. Judgment shall be entered in favor of the United States in the amount of $6,425,683.23, plus any additional interest that may have accrued since August 16, 2016.

The District Court Clerk is directed to enter this Order, enter Judgment as outlined above, provide copies of this Order to counsel, and **close this case**.

**DATED** this 7th day of November 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge
